EAGAN AVENATTI, LLP
Michael J. Avenatti, State Bar No. 206929
mavenatti@eaganavenatti.com
Ahmed Ibrahim, State Bar No. 238739
aibrahim@eaganavenatti.com
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone: 949.706.7000
Facsimile: 949.706.7050

Attorneys for Plaintiff-Relator

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA, et al., Ex rel. HRAYR SHAHINIAN, M.D., F.A.C.S.,

Plaintiff-Relator,

vs.

KIMBERLY-CLARK CORPORATION, a Delaware Corporation;

Defendant.

CASE NO.: 2:14-cv-8313-JAK-JPR

Assigned to: Hon. John A. Kronstadt

**NOTICE OF RELATED CASES**
**[Local Rule 83-1.3]**

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

In accordance with Local Rule 83-1.3, Plaintiff Hrayr Shahinian ("Plaintiff") files the instant Notice of Related Case. The case Hrayr Shahinian, et al. v. Kimberly-Clark Corporation, et al., U.S. District Court, Central District of California, Case No. 2:14-cv-08390-DMG-PLA (the "Class Case"), the Honorable Dolly M. Gee presiding, was filed on October 29, 2014. In addition, the case Medline Industries, Inc. v. Kimberly-Clark Corporation, et al., U.S. District Court, Central District of California, Case No. 2:16-cv-8571 (the "False Advertising Case"), the Honorable Dolly M. Gee presiding, was filed on November 17, 2016. The Class Case and the False Advertising Case will collectively be referred to hereafter as the "Related Cases."

For the reasons stated below, this case (a) arises from the same or a closely related transaction, happening, or event as the Related Cases, (b) calls for a determination of the same or substantially related or similar questions of law and fact as the Related Cases, and (c) would likely entail substantial duplication of labor if heard by different judges from the Related Cases.

First, like the present case, the Related Cases pertain to Kimberly-Clark Corporation's marketing and sale of medical gowns in which the plaintiffs in all three cases allege that Kimberly-Clark falsely represented the gowns as passing relevant industry standards for liquid barrier protection and concealing from purchasers its knowledge that these standards had not been satisfied.

Second, assigning the present case to a different judge from the Related Cases would result in unnecessary duplication of labor, create a risk of inconsistent rulings, and would thus be counter to the interest of judicial economy. The presiding judge in the Related Cases has acquired extensive knowledge and familiarity over the subject matter of the Related Cases. With regards to the Class Case in particular, Judge Gee presided over the case for more than two and a half years and recently presided over a two week trial in which the jury rendered a verdict for the plaintiff and the class in the amount of $454 Million. The Class Case has been extensively litigated before Judge

Gee, with more than 450 docket entries having been generated in the case. During this time, the parties have conducted extensive discovery, including producing documents, taking depositions, and providing expert discovery. Judge Gee also issued detailed written orders on class certification and the defendants' motion for summary judgment, after hearing extensive oral argument, and has provided many additional rulings on important issues in the case.

Finally, reassigning the case at this early stage would not cause any prejudice to Kimberly-Clark or this Court. This Court has not made any substantive rulings in the case, the pleadings are not yet at issue, no trial has been set, a scheduling order has not been entered, and the parties have not commenced discovery. Accordingly, reassignment to the appropriate judge with the most familiarity with the facts and law of this case at this juncture would be the most prudent course.

## I. ALL THREE CASES SHOULD BE DEEMED RELATED BECAUSE THEY ARISE OUT OF THE SAME NUCLEUS OF FACTS AND INVOLVE THE SAME LEGAL AND FACTUAL ISSUES.

This action and the Related Cases seek redress from defendant Kimberly-Clark Corporation for its false and misleading representations in connection with its advertising, promotion, marketing, and sale of medical gowns, which it claimed provided the highest levels of liquid barrier protection (AAMI Level 4) from the transfer of bodily fluids, bacteria, and infection between a patient and healthcare professional. Plaintiff and relator Hrayr Shahinian ("Shahinian") alleges that contrary to its representations, Kimberly-Clark has known since at least as early as 2012 that its MICROCOOL* Breathable High Performance Surgical Gowns (the "MicroCool Gowns") failed industry standard tests, did not pass the relevant standards for gowns represented to be AAMI Level 4, and are unsafe as a result. And yet from at least as early as 2012 to the present, Shahinian asserts that Kimberly-Clark has continued to falsely represent the MicroCool Gowns as AAMI Level 4, and misrepresent to

customers and the general public that these gowns provide the highest levels of liquid protection and are thus supposedly effective when treating patients with serious diseases; despite all the while knowing and failing to disclose that they are unsafe for AAMI Level 4 medical procedures and pose great risk of bodily harm and possibly death to patients and healthcare professionals worldwide.

## II. IN THE INTERESTS OF JUDICIAL ECONOMY, AND CONSISTENCY, THE THREE CASES SHOULD BE RELATED.

In light of the closely related factual and legal issues presented in these cases, Shahinian submits that litigating the Related Cases and this case in separate courtrooms will create a substantial duplication of labor if heard by different judges. As noted above, Judge Gee is already familiar with the facts and the relevant law by presiding over the Class Case for more than two and a half years, including having presided over a two week jury trial resulting in a verdict. Judge Gee also presides over the False Advertising Case after that case was deemed related, and will be deciding a motion to dismiss and to transfer venue filed by the defendants, including Kimberly-Clark. The parties have conducted extensive discovery under the direction provided by Judge Gee's rulings in the Class Case. Further, Judge Gee has ruled on many important motions, including, among others, Kimberly-Clark's motion for summary judgment, Kimberly-Clark's motion to dismiss pursuant to Rule 12(b)(6), and the plaintiffs' motion for class certification. A new judge having to spend the time and effort to get up to speed and become familiar with the myriad of relevant factual and legal issues when Judge Gee has already done so would result in a substantial and expensive duplication of labor, and further, creates an unnecessary risk of inconsistent rulings.

## III. CONCLUSION

Accordingly, the present case and the Related Cases are "related cases" within the meaning of Local Rule 83-1.3 and the present case should be assigned to Judge Gee.

Dated: April 14, 2017

EAGAN AVENATTI, LLP

By: /s/ Michael J. Avenatti
Michael J. Avenatti
Attorneys for Plaintiff-Relator
Hrayr Shahinian, M.D., F.A.C.S.