MARK E. HADDAD (SBN 205945)
mhaddad@sidley.com
ALYCIA DEGEN (SBN 211350)
adegen@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: +1-213-896-6000
Facsimile: +1-213-896-6600

JAMES M. COLE (*Pro Hac Vice*)
jcole@sidley.com
KRISTIN GRAHAM KOEHLER (*Pro Hac Vice*)
kkoehler@sidley.com
BRENNA E. JENNY (*Pro Hac Vice*)
bjenny@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: +1-202-736-8000
Facsimile: +1-202-736-8711

SCOTT D. STEIN (*Pro Hac Vice*)
sstein@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: +1-312-853-7000
Facsimile: +1-312-853-7036

Attorneys for Defendant
KIMBERLY-CLARK CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., ex rel. HRAYR SHAHINIAN, M.D., F.A.C.S.,<br><br>Plaintiff-Relator,<br><br>vs.<br><br>KIMBERLY-CLARK CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 2:14-cv-08313-JAK-JPR<br><br>**DEFENDANT KIMBERLY CLARK CORPORATION'S OPPOSITION TO NOTICE OF RELATED CASES**<br><br>**[Local Rule 83-1.3.3]** |

Defendant Kimberly-Clark Corporation opposes Plaintiff Hrayr Shahinian's request to reassign this case. As we explain below, this untimely request to transfer the *first-filed* case to the judge presiding over the second-filed case—made two and a half years after the purportedly related complaint was filed—is a transparent attempt at forum shopping. The related case rules exist in significant part to deter this kind of gamesmanship, not to facilitate it. The request should be denied.

**BACKGROUND**

Shahinian filed this qui tam lawsuit under seal two and a half years ago, on October 27, 2014, and it was assigned to Judge Kronstadt. Two days later, Shahinian filed a second complaint against Kimberly-Clark, alleging consumer fraud claims. That case, *Shahinian, et al. v. Kimberly Clark Corp., et al*., No. 2:14-cv-8390, was assigned to Judge Gee. Shahinian was the plaintiff in both cases, and was represented by the same counsel in both cases.

Notwithstanding the fact that both cases involved the same plaintiff, the same attorneys, the same defendant, and (Shahinian now concedes) the same core factual allegations, Shahinian did not file a Notice of Related Case in the consumer fraud action. Had he done so, under this Court's internal operating procedures, the second-filed case before Judge Gee would have been transferred to Judge Kronstadt. Shahinian also did not file such a Notice over the ensuing years, as both cases proceeded separately. Only after obtaining a favorable jury verdict in the consumer fraud action, on April 7, 2017, did Shahinian's counsel file a Notice of Related Case.

Since October 2014, Judge Kronstadt has overseen the proceedings in this matter, which have included 26 docket entries and filings before the complaint was unsealed in October 2016. After the unsealing, moreover, Kimberly-Clark drafted and prepared to file a motion to dismiss. The parties met and conferred about that motion in January 2017, Shahinian decided to amend his complaint the next month, and Kimberly-Clark filed a motion to dismiss the amended complaint on March 8, 2017.

The next day, on March 9, 2017, Judge Kronstadt issued an Order setting a Rule 16(b)/26(f) conference for June 5, 2017. Dkt. No. 53. Throughout all of this, Shahinian did not file a Notice of Related Case.

In addition to the qui tam and consumer fraud actions, Shahinian's counsel recently filed a third case in this district against Kimberly-Clark, this time on behalf of a competitor, Medline Industries. That complaint was filed on November 17, 2016, and is docketed at No. 2:16-cv-8571. In stark contrast to the two October 2014 cases, Medline's counsel filed a Notice of Related Case *on the very same day* Medline filed its complaint. *See* Notice of Related Cases, *Medline Indus., Inc. v. Kimberly-Clark Corp.*, No. 2:16-cv-8571, Dkt. No. 4 (C.D. Cal. Nov. 17, 2016). Medline stated that the case was related to the consumer fraud action—never even mentioning the also-pending, first-filed qui tam action—and the case was subsequently reassigned to Judge Gee. *Id.*; Order, *Medline Indus., Inc. v. Kimberly-Clark Corp.*, No. 2:16-cv-8571, Dkt. No. 9 (C.D. Cal. Nov. 23, 2016). Because Medline's counsel filed the Notice ex parte, however, that reassignment occurred before Kimberly-Clark and Halyard were even served, and both defendants have since moved to transfer the case to Georgia.

Instead of promptly providing notice that Shahinian's qui tam and consumer fraud cases were related and requesting reassignment to a single judge, Shahinian waited for more than two years to file such a notice and request, until one week after a jury in the consumer fraud action returned a verdict against Kimberly-Clark, and only then sought to have the first-filed case transferred to the judge overseeing the second-filed case—a case that is, with the exception of post-trial motions, largely complete.

## ARGUMENT

Local Rule 83-1.3 states that a Notice of Related Case should be filed "*promptly* … whenever two or more civil cases filed in this District" meet certain criteria. Local R. 83-1.3 (emphasis added). The Rule then reiterates that the "Notice *must be* filed at the time any case … appearing to relate to another is filed, or as soon

thereafter as it reasonably should appear that the case relates to another." *Id.* (emphasis added). These requirements make good sense: they prevent parties from taking a wait-and-see approach to deciding which judge they might prefer, and they allow for consolidation and any concomitant efficiencies to be established as early as possible. Shahinian's request to reassign this case to Judge Gee should be denied because his blatant attempt to forum-shop was contrary to these Rules, and also because efficiencies would be lost, not gained, by transferring the case at this point in time.

First, the Rule is clear that Shahinian's counsel should have filed a Notice of Related Case in the consumer fraud action, either at the time that case was filed, or soon thereafter. Given that both cases involved the same plaintiff and the same counsel, the factual allegations' relatedness was surely apparent "at the time [the second] case … [wa]s filed." Local R. 83-1.3. That is when Shahinian should have filed his Notice. *Id.* ("must be filed"). The fact that the first-filed qui tam complaint was initially under seal did not prevent Shahinian from informing the Court that he had two lawsuits concerning the same core allegations—he simply could have filed the Notice of Related Case under seal, for example. But he did not file anything; nor did he even do so over the months after the qui tam case was unsealed in October 2016. Shahinian waited until after there was a favorable verdict in the consumer fraud action—after both cases had proceeded separately for years—to raise his hand and seek reassignment. Shahinian does not even attempt to explain the reason for his extraordinary delay or deny that his belated notice is anything other than forum-shopping. This kind of gamesmanship is explicitly prohibited under the Rule's requirement for "prompt[]" notification, and it should not be condoned here.

Second, transfer of the case would not avoid any substantial duplication of labor at this late stage. Judge Kronstadt has been overseeing this False Claims Act suit since it was filed in October 2014. Although the complaint was not unsealed until

October 2016, Judge Kronstadt oversaw earlier proceedings, including addressing what were presumably requests related to the government's investigation of the allegations. In fact, the docket indicates that there were 26 separate filings before Judge Kronstadt over the two years that the complaint remained under seal. As a direct consequence of Shahinian's failure to file a Notice of Related Case in 2014, therefore, Judge Kronstadt has managed this case and is presumably now well-aware of the contours of Shahinian's allegations, including the qui tam claims in particular. Judge Kronstadt is thus well-situated to decide the pending motion to dismiss, which concerns distinct legal questions specific to the False Claims Act. And should the case proceed past the pleadings stage—and Kimberly-Clark does not think it should—any possible efficiencies that might be gained from discovery in the consumer fraud action would be readily manageable in this case.

In sum, Shahinian has flouted the Local Rules by waiting to see how the second-filed case turned out before deciding to tell the Court that the first-filed is related. The Rules require prompt filing to discourage such gamesmanship, not to facilitate it, and the most efficient and appropriate path forward is to keep this case before Judge Kronstadt.

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, Kimberly-Clark respectfully maintains that this case should not be transferred.

Dated: April 18, 2017

SIDLEY AUSTIN LLP

By: /s/ *Alycia A. Degen*

Alycia A. Degen
adegen@sidley.com
Mark E. Haddad
mhaddad@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: +1-213-896-6000
Facsimile: +1-213-896-6600

James M. Cole
(admitted *pro hac vice*)
jcole@sidley.com
Kristin Graham Koehler
(admitted *pro hac vice*)
kkoehler@sidley.com
Brenna E. Jenny
(admitted *pro hac vice*)
bjenny@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: +1-202-736-8000
Facsimile: +1-202-736-8711

Scott D. Stein
(admitted *pro hac vice*)
sstein@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: +1-312-853-7000
Facsimile: +1-312-853-7036

Attorneys for Defendant
KIMBERLY-CLARK CORPORATION

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) SS
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, 40th Floor, Los Angeles, CA 90013.

On April 18, 2017, I served the foregoing document(s) described as **DEFENDANT KIMBERLY CLARK CORPORATION'S OPPOSITION TO NOTICE OF RELATED CASES** on all interested parties in this action as follows (or as on the attached service list):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 18, 2017, at Los Angeles, California.

____________________________
JENNIFER POLZIN